**Beatrice O. RAY**

v.

**Mrs. Leake PARRISH, Sup't., et al.**

**Civ. A. No. 75–0118–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 5, 1975.

Beatrice O. Ray, pro se.

James W. Hopper, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Beatrice O. Ray, a Virginia prisoner, brings this *pro se* action in which she alleges various constitutional deprivations resulting from the acts of the defendant penal officials. Plaintiff seeks relief in the form of money damages and a transfer from the institution in which she is now incarcerated. Jurisdiction of the Court is attained pursuant to 42 U. S.C. § 1983 and 28 U.S.C. § 1343.

The matter is presently before the Court upon the defendants' motion for summary judgment, to which the plain-tiff has responded. Upon the record now before it, the Court deems this matter ripe for disposition.

In her complaint, plaintiff claims that her legal correspondence was opened outside of her presence on January 7, 1975. She also contends that as a result of this she suffers migraine headaches and that correction officials are harassing her by not permitting her to receive adequate medical attention. Finally, she alleges that defendant Parrish, who is Superintendent of the Virginia Correctional Center for Women, has threatened to deny her furloughs and work release as a result of plaintiff's having filed a grievance against the institution.

With regard to her first claim, the defendants have submitted verified affidavits and what is purportedly a contemporaneous document in which they admit that plaintiff's correspondence was opened on the day in question. They contend, however, that this was done inadvertently by defendant Payne, who worked in the mail room only on a part-time basis. The defendants also allege that as soon as they realized what had happened, defendant Payne turned the letter over to a Sgt. Testerman, who immediately delivered the letter to the plaintiff. They contend that Sgt. Testerman explained the situation to the plaintiff, filed a written report about the incident with defendant Parrish, and that no one actually read or in any way censored the contents of the letter.

In response, plaintiff admits that the letter was delivered to her by Sgt. Testerman, but she alleges that no explanation was given to her at that time. Plaintiff does not contend, however, that her correspondence was censored or that any substantial delay resulted in her receiving the letter. Accordingly, although plaintiff may have a colorable claim, see *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L. Ed.2d 224 (1974) and *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), the Court finds that it is not under the circumstances, one of con-

stitutional magnitude so as to require intervention by this Court. *Breeden v. Jackson,* 457 F.2d 578 (4th Cir. 1972).

■ As to plaintiff's second claim concerning the denial of adequate medical care as a form of harassment, the defendants have tendered copies of plaintiff's medical records which indicate that she was seen by a physician on twenty-one separate occasions during the seven month period preceding the filing of this action. Those records, as well as an affidavit prepared by a physician employed by the Correctional Center, also show that plaintiff requested permission to visit the infirmary on five other occasions between January 31 and February 28, 1975. The defendants allege that these requests were denied because plaintiff's complaints were deemed not to warrant medical attention. Based upon the prison medical records, which plaintiff has not contested, the Court finds that this apparent difference of opinion between the plaintiff and the physicians as to what treatment is necessary and proper does not give rise to a cause of action under 42 U.S.C. § 1983. *Edwards v. Boughton,* No. 75-1398 (4th Cir., April 24, 1975).

■ Finally, there remains plaintiff's claim concerning the threatened denial of furloughs and work release. In approaching this allegation, the Court must start with the proposition that plaintiff has no constitutional right to participate in such programs, *Thompson v. Slayton,* No. 73-1457 (4th Cir., June 18, 1973). This Court has previously held, however, that a superintendent may not deprive an inmate of due process by making an arbitrary or capricious decision, nor may a superintendent deny an inmate equal protection by making such determinations on grounds that invidiously discriminate between an inmate, or group of inmates, and the rest of the prison population. *Guthrie v. Oliver,* No. 73-434-R (E. D.Va. Nov. 5, 1974).

In the instant matter, the defendants have submitted an affidavit prepared by defendant Parrish in which she denies having made the alleged threats. Also tendered is a copy of an Institutional Classification Committee report, dated November 21, 1973, in which plaintiff's request for work release was deferred for six months "for evidence of continued institutional adjustment and emotional stability."

The plaintiff has also submitted copies of contemporaneous prison reports. They show that she applied for work release in September of 1974 and that her application was tentatively approved on November 13, 1974, by J. B. Ruark, Supervisor of the Virginia Work Release Program. At that time she was placed on pre-work release status and was notified that the I.C.C. would submit a written recommendation after a period of at least 90 days. On January 9, 1975, the I.C.C. reviewed her application and disapproved it "because of her extremely assaultive pattern and her pattern of drinking."

■ The records also show that the I.C.C. recommendation was itself disapproved by Mr. Ruark on February 19, 1975, apparently due to the I.C.C.'s reliance on plaintiff's performance and attitude prior to her placement on pre-work release status. Thereafter, on February 26, 1975, the I.C.C. approved her request and plaintiff was assigned to the work release program.

Based upon the record and plaintiff's current status, the Court finds her claim for injunctive relief is now moot. Furthermore, concluding that the plaintiff has failed to meet her burden under Rule 56(e), Fed.R.Civ.P., of demonstrating her ability to bring forth evidence to substantiate her claim for money damages, the Court must also grant the defendants' motion for summary judgment in this regard.

An appropriate order will issue.